EISNER GORIN LLP
ALAN EISNER, State Bar # 127119
DMITRY GORIN, State Bar # 178353
ROBERT HILL, State Bar # 306095
16000 Ventura Blvd., Suite 1000
Encino, CA 91436
Phone/Fax: (818) 781-1570/(818) 617-2615
Email: alan@egattorneys.com

Attorney for Defendant,
KENNETH IWAMASA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.: CR 24-00408-SPG |
|---|---|---|
| Plaintiff, | ) ) ) | DEFENDANT KENNETH IWAMASA'S REPLY IN SUPPORT OF SENTENCING POSITION |
| vs. | ) ) | |
| KENNETH IWAMASA, | ) ) | Date: May 27, 2026 Before the Honorable |
| Defendant. | ) ) ) ) ) | Judge Sherilyn Peace Garnett |

TO THE HONORABLE SHERILYN PEACE GARNETT, UNITED STATES DISTRICT JUDGE, AND TO ASSISTANT UNITED STATES ATTORNEYS IAN YANNIELLO AND HAOXIAOHAN CAI:

Defendant Kenneth Iwamasa, by and through counsel, hereby submits his reply in support of his previously-filed sentencing position to address several arguments raised by the Government including the applicability of the position of trust enhancement to the advisory guidelines range.

Respectfully submitted,

EISNER GORIN LLP

Dated: May 21, 2026         */S/ ALAN EISNER*

ALAN EISNER

*/S/ DMITRY GORIN*

DMITRY GORIN

Attorneys for Defendant
KENNETH IWAMASA

1

## I.  THE POSITION OF TRUST ENHANCEMENT DOES NOT APPLY

The Government urges the Court to apply a two-level enhancement to Mr. Iwamasa's offense level pursuant to U.S.S.G. § 3B1.3, arguing that he "abused his trusted position to facilitate the crimes at issue."  (Gov't Sentencing Position at 18-19.) Probation considered the enhancement, both in response to the Government's argument and of its own volition in preparing the presentence report, and twice rejected its application.  As the Government correctly notes, the enhancement applies to individuals whose position of trust is "characterized by professional or managerial discretion" and whose role "contributed in [a] significant way to facilitating the commission or concealment of the offense."  U.S.S.G. § 3B1.3, Application Note 1.  That description would not naturally fit Mr. Iwamasa's relationship to the victim, in which Mr. Iwamasa was an employee and, as set forth extensively in the undisputed facts agreed to by the parties in the factual basis, acted at all relevant times at the victim's direction rather than pursuant to his own discretion.

In the Ninth Circuit, the critical inquiry is determining whether a person is in a position of trust is "the extent to which the position provides the freedom to commit a difficult-to-detect wrong." *United States v. Hill*, 915 F.2d 502, 506 (9th Cir.1990). "There are two factors to be considered: the inability of the trustor objectively and expediently to determine the trustee's honesty, and the ease with which the trustee's activities can be observed."  *United States v. Ferrin*, 994 F.2d 658, 665 (9th Cir. 1993). The Government does not cite the Ninth Circuit standard, and it cannot be satisfied on these facts because of the undisputed facts in the plea agreement.  Mr. Iwamasa by definition could not have been engaged in offense conduct which was difficult for the victim to detect when the conduct was directed by the victim himself.

In place of binding authorities, the Government cites two out-of-circuit authorities for the proposition that "Defendant had the requisite discretion and position of trust but simply chose not to exercise them to Mr. Perry's benefit."  (Gov't Sentencing Position at 19.)  *United States v. Bradshaw*, 670 F.3d 768 (7th Cir. 2012) is readily distinguishable

2

on its facts.  There, the defendant systematically defrauded three successive employers for whom she worked as an executive assistant.  *Id*. at 769.  When the first company began investigating her transactions on the company credit card with which she was entrusted, "she submitted fake invoices to conceal her theft."  *Id*.  She moved on to a second company and again manufactured fake invoices to conceal her theft.  *Id*.  At the third company, she stole corporate checks and used them to deposit money into her personal bank account before finally being discovered.  *Id*.

As the Seventh Circuit explained, the " 'common thread' in our decisions upholding application of § 3B1.3 is 'the victim's special trust and reliance,' noting that 'a defendant's authority over the victim's valuables and the degree of discretion given to the defendant by the victim are simply indicia of' that trust."  *Id*. at 770, quoting *United States v. Fuchs*, 635 F.3d 929, 935 (7th Cir. 2011).  The relationship between Bradshaw and her three victim employers is simply not comparable to that between Defendant and the victim.  The victim did not abuse the victim's trust in him to personally profit to the victim's detriment while concealing his activities.  Indeed, Bradshaw had to disguise her transactions because her interest in conducting them was obviously contrary to that of her employer.  Here, by contrast, Defendant was acting not only with the victim's full knowledge but at his explicit direction.  What the victim as directing Defendant to do was illegal, and therefore acting at his direction is no defense, but the peculiar relationship between the parties defeats any reliance on *Bradshaw*.

The Tenth Circuit's opinion in *United States v. Zamarripa*, 905 F.2d 337 (10th Cir. 1990) fares no better as an analogy.  Zamarripa sexually abused an eight-year-old girl whom he was trusted by her family to baby sit.  *Id*. at 339.  The district court applied an upward departure based on Zamarripa's abuse of the caretaker relationship but did not cite Section 3B1.3.  *Id*. at 340.  The Tenth Circuit found that Section 3B1.3 should have applied, reasoning that "[a] babysitter is in a position of trust, and this position certainly enables him to commit a sexual crime more easily than a man on the street."  *Id*.

Perhaps Defendant's employment relationship with the victim enabled him to more readily participate in the conspiracy to distribute drugs to the victim than a man on the street, but it should be noted that a number of proverbial men on the street *did in fact* participate in the same conspiracy.  Multiple third parties were involved who did not share the same relationship with the victim.  That fact alone should overcome the inference that it was Defendant's particular relationship with the victim that facilitated the crime.

In sum, under the controlling Ninth Circuit standard for evaluating a position of trust claim, the Section 3B1.3 enhancement does not apply.

## II.  THE GOVERNMENT FAILS TO ENGAGE WITH DEFENDANT'S EXPERT FORENSIC REPORT

Despite being provided with a copy of Exhibit B to Defendant's sentencing position in advance, the Government does not mention the substantial mitigating information contained therein regarding Defendant's mental state, motive, and intent. This information directly contradicts the Government's theme throughout its position that Defendant was uncaring or intentionally put the victim at risk.  (See e.g. Gov't Sentencing Position at 22 ["he could have simply said 'no' when Perry asked for another ketamine injection"]; 23 ["Defendant had the wherewithal, sophistication, and warnings necessary to know that what he chose to do was wrong, but he did it anyway"].)

This rhetoric completely elides Defendant's particular vulnerability to the relationship dynamic which he fell into with the victim.  In short, he could not "simply say no."  That inability had tragic consequences.  The Court should take notice of the Government's decision not to engage with the substance of Exhibit B in any way.

///

///

///

///

///

4

### III.  CONCLUSION

For the foregoing reasons, the Court should not apply the two-level enhancement pursuant to U.S.S.G. § 3B1.3 and should view with skepticism the Government's characterization of Defendant's mental state which is flatly contradicted by the well-reasoned analysis submitted in Exhibit B to Defendant's sentencing position.

Respectfully submitted,

EISNER GORIN LLP

Dated: May 21, 2026

*/S/ ALAN EISNER*

ALAN EISNER

*/S/ DMITRY GORIN*

DMITRY GORIN

Attorneys for Defendant
KENNETH IWAMASA